UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA DYER,

Plaintiff,

v. Case No. 8:24-cv-2867-VMC-SPF

COLOPLAST CORP. and COLOPLAST MANUFACTURING US, LLC,

Defendants.
_______________________________/

**ORDER**

This matter is before the Court on consideration of Defendant Coloplast Corp.'s ("Coloplast") Motion to Exclude Expert Opinions of Leigh Anne Levy (Doc. # 89), filed on April 15, 2026. Plaintiff Diana Dyer responded on May 5, 2026. (Doc. # 116). Coloplast replied on May 22, 2026. (Doc. # 138). The Motion is denied.

**I. Background**

In December 2020, Ms. Dyer "was surgically implanted with an Aris™ Trans-Obturator Sling System (hereinafter the 'Aris'), a pelvic mesh product and medical device designed, manufactured, and marketed by Defendants," which "was intended to treat pelvic organ prolapse and stress urinary incontinence." (Doc. # 1 at 1). Ms. Dyer alleges that neither she "nor her healthcare providers were warned that the Aris

was defective and negligently designed and manufactured." (Id. at 1-2). Ms. Dyer claims that she "has suffered, and continues to suffer, debilitating injuries" "[a]s a result of being surgically implanted with Defendants' unreasonably dangerous defective pelvic mesh device." (Id. at 2).

Ms. Dyer initiated this action to recover damages for her claimed injuries. (Id.). In the complaint, Ms. Dyer asserts three causes of action: (1) negligence, (2) strict liability design defect, and (3) strict liability failure to warn. (Id. at 33-47).

The case then proceeded through discovery. Ms. Dyer retained certified life care planner Leigh Anne Levy to opine on the costs of Ms. Dyer's future medical treatment. (Doc. # 89-1). In reaching her opinions, Ms. Levy relied on, among other things, the opinions of Ms. Dyer's treating physician, Dr. Michael Hibner, as well as Ms. Dyer's causation expert, Dr. Neeraj Kohli, M.D. (Id. at 1-2, 23-25).

Now, Coloplast moves to exclude the opinions of Ms. Levy. (Doc. # 89). Ms. Dyer has responded (Doc. # 116), and Coloplast has replied. (Doc. # 138). The Motion is ripe for review.

## II. Legal Standard

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Implementing Rule 702, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), requires district courts to ensure that any scientific testimony or evidence admitted is both relevant and reliable. See Id. at 589–90. District courts must conduct this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).

The Eleventh Circuit "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry.'" Hendrix ex rel. G.P. v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010). The district court must assess whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3)

> the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. The proponent of the expert testimony must show, by a preponderance of the evidence, that the testimony satisfies each requirement. Id.

## III. Analysis

Coloplast challenges Ms. Levy's qualifications to opine on Ms. Dyer's future medical needs and the reliability of Ms. Levy's testimony and opinions. Coloplast also argues that Ms. Levy's testimony will not assist the trier of fact. The Court addresses each contention in turn.

### A. Qualifications

Coloplast argues that, as Ms. Levy is not a medical doctor, she is not qualified to offer testimony regarding Ms. Dyer's future medical needs. The Court disagrees.

The first question under Daubert is whether an expert is qualified to testify competently regarding the matters he or she intends to address. City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998). An expert may be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "Determining whether a witness is qualified to testify as an expert 'requires the trial court

to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Invs., Inc. v. XL Specialty Ins. Co., 280 F.R.D. 653, 661 (S.D. Fla. 2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)).

"This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Id. (citations and internal quotation marks omitted). The Court is mindful that its "gatekeeper role under Daubert 'is not intended to supplant the adversary system or the role of the jury.'" Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)).

"[C]ourts routinely recognize that life care planners may be qualified to provide testimony as to future care of injured patients, and the cost of such care." Hall v. Target Corp., No. 8:22-cv-0914-KKM-AAS, 2023 WL 4686205, at *3 (M.D. Fla. July 21, 2023) (internal quotation marks omitted). "Life care planners may not opine on medical causation nor come up with a diagnosis or prognosis." Healy v. NCL (Bahamas) Ltd., No. 1:23-cv-21306-KMM, 2024 WL 4132981, at *3 (S.D. Fla. Aug. 13, 2024) (internal quotation marks omitted).

"Life care planners are, however, permitted to testify where the expert relied on the diagnoses or prognoses of another expert, including a medical physician." Id.

Coloplast argues that Ms. Levy is not qualified to render opinions on topics such as the frequency at which Ms. Dyer will need future medical care, as well as the type of future psychological care Ms. Dyer will need. In response, Ms. Dyer argues that Ms. Levy's life care plan "does not make any recommendation for future medical needs that is not derived from a recommendation or opinion stated by a qualified medical expert, whether that was Dr. Kohli or one of Ms. Dyer's treating physicians." (Doc. # 116 at 13).

The Court finds that Ms. Levy, a certified life care planner with nearly twenty years of experience (Doc. # 88-1 at 14:11-14), is qualified to testify as to Ms. Dyer's projected future medical care and the cost of such care. Hall, 2023 WL 4686205, at *3. Ms. Levy affirms that Dr. Kohli and Dr. Hibner "laid the medical foundation for the life care plan" and that she is not "offering an independent medical opinion." (Doc. # 88-1 at 10:14-25, 42:11-18). Accordingly, Coloplast's objections to the life care plan "go to the weight and credibility of the testimony, not the admissibility." Healy, 2024 WL 4132981, at *3; see Hannah v. Armor Corr.

Health Servs., Inc., No. 8:19-cv-596-TPB-SPF, 2021 WL 1777955, at *2 (M.D. Fla. Mar. 8, 2021) (rejecting plaintiff's contention that defendant's life care planner was "not qualified to make recommendations for Mr. Hanna's placement in a nursing home" as the life care planner was merely "opining as to the means for providing the medical care deemed necessary by Mr. Hanna's medical providers" and finding that plaintiff's objection went to weight and credibility of the testimony, not admissibility).

**B. Reliability**

Coloplast argues that Ms. Levy's opinions and testimony are not reliable because she: (1) relies on outdated and inadequate information regarding Ms. Dyer's medical condition and (2) fails to account for the applicable Medicare reimbursement rates in calculating future medical costs. The Court is not persuaded.

"Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004) (citing Fed. R. Evid. 702 advisory committee's note to 2000 amendment). There

are four recognized, yet non-exhaustive, factors a district court may consider in evaluating reliability:

> (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community.

Seamon v. Remington Arms Co., 813 F.3d 983, 988 (11th Cir. 2016) (citations omitted). A district court can take other relevant factors into account as well. Id. (citations omitted).

The Court's analysis as to reliability "focus[es] 'solely on principles and methodology, not on the conclusions that they generate.'" Seamon, 813 F.3d at 988 (citation omitted).

### 1. **Reliance on Outdated and Inadequate Information**

Coloplast argues that Ms. Levy's opinions are unreliable to the extent they are based on outdated medical information. Specifically, Coloplast challenges Ms. Levy's reliance on Dr. Hibner's "medical input" because it has been more than two years since he has evaluated Ms. Dyer and more than three years since he has conducted a physical examination of Ms. Dyer. (Doc. # 89 at 7-8). Similarly, Coloplast notes that,

"when he provided his input on future treatment, Dr. Kohli had not reviewed [Ms. Dyer's medical] records after August 2023." (Id. at 11). The Court disagrees.

"[I]t is well-established that [a]ny weaknesses in the factual underpinnings of [the expert's] opinion go to the weight and credibility of [the expert's] testimony, not to its admissibility." Schwartzben v. Nat'l Fire & Marine Ins. Co., No. 22-cv-20755-JEM, 2023 WL 2931410, at *3 (S.D. Fla. Apr. 13, 2023) (internal quotation marks omitted); see also Jones v. Otis Elevator Co., 861 F.2d 655, 663 (11th Cir. 1988) ("[T]he weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility."). Accordingly, Coloplast's challenge to Ms. Levy's reliance on the "outdated" opinions of Dr. Hibner and Dr. Kohli goes to weight rather than admissibility. See Ocasio v. C.R. Bard, Inc., No. 8:13-cv-1962-CEH-AEP, 2020 WL 7586930, at *8 (M.D. Fla. Dec. 22, 2020) (holding that challenge to life care planner's reliance on "stale" medical opinions went to the weight, not the admissibility of the life care planner's opinions).

Next, Coloplast argues that Ms. Levy's opinions are unreliable to the extent they are based on Dr. Kohli's

recommendations because Dr. Kohli never treated or physically examined Ms. Dyer. The Court is not convinced.

"Life care planners are . . . permitted to testify where the expert relied on the diagnoses or prognoses of another expert, including a medical physician." Healy, 2024 WL 4132981, at *3. Ms. Levy's opinions are not unreliable because she relied, in part, on input from Ms. Dyer's causation expert, Dr. Kohli. See Salzman v. C. R. Bard, Inc., No. 8:19-cv-3099-SCB-AEP, 2020 WL 7422132, at *6 (M.D. Fla. Mar. 13, 2020) (finding life care planner's opinions "sufficiently reliable as based on" the opinion of plaintiff's causation expert). Although Coloplast contends that Dr. Kohli's case-specific opinions are unreliable, the Court rejected that argument in ruling on Coloplast's motion to exclude Dr. Kohli's opinions. (Doc. # 139 at 7-13). Therefore, this is not grounds to exclude Ms. Levy's testimony.

### 2. Medicare Reimbursement Rates

Coloplast further argues that Ms. Levy's opinions are unreliable because, "despite Ms. Dyer's status as a Medicare beneficiary, Ms. Levy failed to base future medical cost projections on Medicare reimbursement rates." (Doc. # 89 at 20). The Court disagrees. Whether Ms. Dyer will be able to recover the full billed amount for a particular future medical

expense is a separate issue from whether Ms. Levy's methodology is reliable. See Ward v. M/Y Utopia IV, No. 22-23847-CIV, 2024 WL 4381328, at &*7, *8 (S.D. Fla. Oct. 3, 2024) (finding that life care planner's methodology was reliable even though he did not consider Medicare payments).

In sum, the Court finds Ms. Levy's methodology sufficiently reliable. The alleged flaws in Ms. Levy's methodology raised by Coloplast should be addressed during cross-examination. See Maiz, 253 F.3d at 666 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." (citations and internal quotation marks omitted)).

**C. Assistance to the Trier of Fact**

Finally, Coloplast argues that Ms. Levy's opinions will not assist the trier of fact because Ms. Levy ignores relevant evidence, and her opinions are purely speculative. The Court disagrees.

Expert testimony must also assist the trier of fact. Fed. R. Evid. 702. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." Frazier, 387 F.3d at 1262 (citation omitted). "[T]he court must ensure that the

proposed expert testimony is relevant to the task at hand, . . . i.e. , that it logically advances a material aspect of the proposing party's case." Allison, 184 F.3d at 1312 (internal quotation marks omitted). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63 (citation omitted).

So, while "[t]he 'basic standard of relevance . . . is a liberal one,' Daubert, 509 U.S. at 587, . . . if an expert opinion does not have a 'valid scientific connection to the pertinent inquiry[,]' it should be excluded because there is no 'fit.'" Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp., 582 F.3d 1227, 1232 (11th Cir. 2009) (citations omitted).

Coloplast asserts that Ms. Levy's opinion is not supported by Ms. Dyer's medical records as Ms. Levy only relied on medical records provided by Ms. Dyer's counsel, which spanned from June 2020 until August 2023. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Coquina Invs. v.

Rothstein, No. 10-60786-CIV, 2011 WL 4949191, at *8 (S.D. Fla. Oct. 18, 2011) (quoting Synergetics, Inc. v. Hurst, 477 F.3d 949, 955–56 (8th Cir. 2007)). Coloplast's challenges go to the weight rather than the admissibility of Ms. Levy's opinions. See X Soc. Media LLC v. X Corp., No. 6:23-cv-1903-JA-NWH, 2025 WL 2578249, at *4 (M.D. Fla. Sept. 5, 2025) ("Plaintiff argues Professor Golder 'cherry-picked' evidence by declining to evaluate evidence of actual confusion and by emphasizing factors favorable to Defendant. But such criticisms ordinarily go to weight, not admissibility, absent methodological unreliability." (internal citation omitted)); Demeritt v. Wal-Mart Stores E., LP, No. 6:20-cv-89-PGB-GJK, 2021 WL 2835363, at *3 (M.D. Fla. May 17, 2021) ("Dr. Koenigsberg's failure to . . . review Plaintiff's entire medical history, review every available deposition, or conduct a physical examination of Plaintiff does not warrant exclusion under the Daubert framework."). Therefore, this is not a basis for excluding Ms. Levy's testimony.

Coloplast also argues that Ms. Levy improperly included the costs of future medical treatments that Ms. Dyer is not likely to pursue, such as pelvic floor therapy. Again, a challenge "to the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility."

Coquina Invs., 2011 WL 4949191, at *8 (quoting Synergetics, Inc., 477 F.3d at 955-56). Coloplast can examine the factual bases for Ms. Levy's opinions regarding projected future medical treatments in cross-examination. The Court finds that Ms. Levy's testimony will be helpful as lay jurors are unfamiliar with the costs of specialized healthcare. See Frazier, 387 F.3d at 1262 ("[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." (citation omitted)).

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Coloplast Corp.'s Motion to Exclude Expert Opinions of Leigh Anne Levy (Doc. # 89) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of August, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE